**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELELTA ESTIFANOS BERHE,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-72066

Agency No. A095-684-236

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:     SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Elelta Estifanos Berhe, a native of Eritrea and citizen of Canada, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum

and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, *Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010), and we deny the petition for review.

Berhe does not challenge the BIA's dispositive finding that her asylum application was untimely and that no exception to the one-year deadline applied. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n. 3 (9th Cir. 2011) (issues not raised in opening brief are waived).

Substantial evidence supports the BIA's determination that Berhe failed to establish the government of Canada was unwilling or unable to protect her from her ex-husband. *See Rahimzadeh*, 613 F.3d at 920 (applicant bears the burden of establishing that abuse was committed by the government or an agent the government is unwilling or unable to control). Substantial evidence also supports the BIA's determination that Berhe failed to establish it is more likely than not she would be persecuted in Canada. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We reject Berhe's contention that the agency did not consider her statements. Thus, Berhe's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

13-72066